IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MADELINE MALDONADO, et al.,

    **Plaintiffs**

        v.

MUNICIPIO DE BARCELONETA, et al.,

    **Defendants**

**CIVIL NO.** 07-1992(JAG)

**MEMORANDUM AND ORDER**

Before the Court is a Motion for Attorney's fees filed by Plaintiffs. (Docket No. 374). For the reasons set forth below the Court hereby orders the Municipal Defendants to file their opposition to Plaintiffs' motion by September 19, 2011.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 11, 2011, after receiving the First Circuit's Mandate dismissing the interlocutory appeal filed by several employees of the Municipality of Barceloneta who, along with Mayor Sol L. Fontanes, are the Municipal Defendants, the Court scheduled the case for trial on the merits. (Docket No. 321, 325). On April 28, 2011, the Municipal Defendants filed a Notice to the Court indicating they had delivered Plaintiffs an offer of judgment pursuant to Fed.R.Civ.P. 68 ("Rule 68"). (Docket No. 351). The offer states:

> [The Municipal Defendants] hereby offer judgment in favor of the Plaintiffs, for all claims, and all claims that could have been brought by all of the Plaintiffs, in the total amount of $300,000 pursuant to Federal Rule of Civil Procedure 68. (Docket No. 379, p. 4).

Shortly thereafter, on May 3, 2011, a Pretrial and Settlement Conference was held before the undersigned. (Docket No. 363). During the conference, attorneys for Plaintiffs informed the Court that they were forced to request withdrawal from the legal representation of plaintiffs Antonia Morales and her two sons (the "Morales household").[1] After the attorneys explained their reasons, the Court found them to be compelling and agreed to grant the withdrawal, but ordered the attorneys to make the request on the record. The motion was eventually filed and granted by the Court. (Docket Nos. 361, 362).

During the conference, Plaintiffs informed that they would accept the offer of judgment tendered by the Municipal Defendants. The Court considered that an order had to be issued informing the Morales household of the state of the proceedings and giving them a reasonable period of time to either accept the offer or proceed to trial. The Municipal Defendants thus agreed to deposit the total amount of the offer of judgment with the

---

[1] Hereinafter, the term "Plaintiffs" will refer to all plaintiffs except the Morales household.

Court and to have an amount equal to what would proportionally be awarded to the Morales household earmarked for them.[2]

On May 5, 2011, two days after the conference before the undersigned, the Municipal Defendants filed an informative motion. (Docket No. 364). In it they state that they had delivered an offer of judgment to Plaintiffs on April 28, 2011 and that "[p]ursuant to the terms agreed to by the parties during the course of the Settlement Conference, the Defendants reaffirm the Offer of Judgment." (Docket No. 364). Several hours later, Plaintiffs filed an Amended Motion for Entry of Judgment Pursuant to Fed.R.Civ.P. 68 stating that they had notified the Municipal Defendants that their April 28th offer had been accepted. (Docket No. 366). They requested entry of judgment and that the judgments exclude the Morales household.

Shortly thereafter, on May 10, 2011, the Court entered the following judgment:

> On April 28, 2011, co-defendants Municipality of Barceloneta, Sol Luis Fontanes, Elsa Pérez, Silvia Riquelme, Amid Molina Morales, Leonides González, Esther Ruiz and Edgardo Santiago (jointly, "Municipal Defendants"), tendered an offer of judgment pursuant to Fed.R.Civ.Proc. 68 to all plaintiffs. (Docket No. 351). On May 5, 2011, all plaintiffs, except for Antonia Morales, Kelvin Morales and Randy Morales, notified the Court that they had accepted the offer and requested the entry of judgment. (Docket No. 366).

---

[2] According to what the parties expressed during the Pretrial and Settlement Conference, the Morales household's proportional share of the offer of judgment is $20,000.

      Pursuant to the Amended Motion for Entry of Judgment, the Court hereby enters partial judgment dismissing with prejudice the plaintiffs' claims against the Municipal Defendants. This partial judgment does not relate to the claims filed by Antonia Morales, Kelvin Morales and Randy Morales against the Municipal Defendants, which are still pending before the Court. (Docket No. 370).

On that same day, May 10, 2011, as discussed during the Pretrial and Settlement Conference, the Court issued an Order with the purpose of notifying the Morales household of the status of the case and giving them 30 days within which they had to either retain legal counsel or accept the offer of judgment and request the withdrawal of their portion. (Docket No. 372). Failure to do either within 30 days of the receipt of the Order would entail the dismissal of their claims with prejudice. The Court ordered the United States Marshal Service to hand deliver a copy of the Order with a certified translation to the Spanish language to the last know addresses of Antonia Morales and Kelvin Morales. Randy Morales, who was at that time believed to be a minor, was notified through his mother, Antonia Morales.

      In that same Order, the Court, after stating that Plaintiffs had accepted the offer of judgment, ordered that:

> The totality of the funds comprised in the offer of judgment is to be deposited in Court pursuant to Local Rule 67. Plaintiffs may withdraw all funds except an amount equaling $20,000.00. Said amount is hereby earmarked for Antonia Morales, Kelvin Morales and Randy Morales. Id. at 2.

On May 24, 2011, Plaintiffs filed a Motion for Attorney's fees. (Docket No. 374). As a result of the request for attorney's fees, a spate of motion practice ensued and the Court, after having initially denied the Municipal Defendants' request, decided to hold a hearing in order to discuss the parties' respective positions on the matter.

In essence, Plaintiffs contend that when a party accepts an offer of judgment made pursuant to Rule 68, the Court must separately award costs, which, in this case, includes attorney's fees pursuant to 42 U.S.C. § 1988. They argue that the Municipal Defendants' failed to expressly mention that the amount offered included costs and attorney's fees. Their silence, Plaintiffs say, created and ambiguity that should be interpreted against them and the Court is compelled by Rule 68 and by applicable case law, to award costs and attorney's fees.

The Municipal Defendants, on the other hand, argue that once the issue of the Morales household arose, all the parties, working with the Court agreed to structure a transaction. They aver that the judgment entered by the Court was the result of negotiations made between the parties and was, therefore, a garden-variety settlement offer, not a judgment entered pursuant to a Rule 68. They specifically contend that because the original offer of judgment was not accepted by all plaintiffs

and, instead, a counteroffer was made, the offer of judgment lost its validity. (Docket No. 379, p. 8).

The Court must, therefore, decide if this case involves Rule 68 or a traditional settlement offer. If it finds that it is the former, it must then determine if costs and attorney's fees should be awarded.

## DISCUSSION

**A. Rule 68 offer of judgment or garden-variety settlement agreement?**

As a threshold matter, the Court must determine if this case involves an offer of judgment pursuant to Rule 68 or a garden-variety settlement offer. After a careful analysis of the sequence of events and the parties' filings on the record, the Court finds that this case involves a Rule 68 offer of judgment.

Rule 68 provides in its pertinent part that:

> At least 14 days before the date set for trial, a party defending against a claim may serve upon the adverse party an offer to allow judgment on specific terms, with costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The Clerk must then enter judgment.
>
> An unaccepted offer is considered withdrawn, but it does not preclude a later offer. […]. Fed.R.Civ.P. 68.

"The plain purpose of this rule is to encourage settlement and avoid litigation." Spooner v. EEN, Inc., No. 10-2393, 2011 U.S. App. LEXIS 13650, at *18 (1st Cir. July 5, 2011)(quoting Marek v. Chesny, 473 U.S. 1, 5 (1985)). It "allows a defendant to make a firm, non-negotiable offer of judgment […] leaving the plaintiff two options: either accept or reject the offer within a set period." Id. (quoting Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1240 (11th Cir. 2002)). By the terms of the rule, if the plaintiff remains silent, the offer is deemed withdrawn. Fed.R.Civ.P. 68(b).

The rule affords the party making the offer a certain protection by shifting costs to the opposing party when the offer is rejected and less than the amount of the offer is eventually recovered. Fed.R.Civ.P. 68(d). This is known as the cost-shifting provision. However, "[a] garden-variety settlement offer made without resort to Rule 68 affords the offeror no similar protection: he cannot reasonably expect to gain the benefits that Rule 68 confers. Spooner, 2011 U.S. App. LEXIS 13650 at *19 (citing Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 341 & n.8 (1st Cir. 1997)).

Some courts have found that when an offer of judgment is met by a counteroffer the original offer is deemed rejected. See, e.g., Henderson v. Sterling, Inc., No. 97-1910, 1998 U.S.

App. LEXIS 7437, at *11 (4th Cir. April 14, 1998)("An acceptance must be unequivocal and unqualified in order to bind the offerer: A Material variance between the acceptance and the offer results in a rejection of the original offer and transforms the putative acceptance into a counteroffer."). Other courts have found that an offer of judgment is irrevocable and a plaintiff may still accept an original offer of judgment even if he or she made counteroffers that were rejected by the defendant. See, e.g., Butlet v. Smithfield Foods, 179 F.R.D. 173 (E.D.N.C. 1998).

Regarding counteroffers, in Amati v. City of Woodstock, 176 F.3d 952 (7th Cir. 1999), the Seventh Circuit held that it is perfectly valid for a defendant to impose a condition requiring all plaintiffs to accept the offer of judgment. It stated, "[a] plaintiff has no right to demand a Rule 68 offer and therefore no right to demand that the defendant configure the offer in a way that will assure its acceptance." Id. at 958.

In this case, as indicated above, Municipal Defendants tendered Plaintiffs an offer of judgment "to settle all claims of all plaintiffs" for an amount specified in the offer. (Docket No. 351). Subsequently, because Plaintiffs were willing to accept the offer of judgment except for the situation with the Morales household, the Court and the parties devised a plan to

afford the Morales household its due process while at the same time allowing the parties properly before the Court to avoid trial. The Municipal Defendants' attempt to characterize the unforeseen change in the legal scenario as a counteroffer, which according to them, is the equivalent of a rejection, fails because, instead of reaffirming that their offer was all or nothing as was perfectly valid, see Amati, *supra*, the Municipal Defendants filed an informative motion stating that, "[p]ursuant to the terms agreed to by the parties during the course of the Settlement Conference, **the Defendants reaffirm the Offer of Judgment**." (Docket No. 364)(Emphasis ours). Clearly, they were aware of the risk of having the Morales household later choose to go to trial and in spite of it stood by their Rule 68 offer. According to the Oxford English Dictionary the word "reaffirm" means "[t]o confirm again or once more; to strengthen again" and "[t]o affirm or assert again or once more; to maintain and stand by (a statement, etc.) again, restate strongly."[3] The Court must presume that they intended to use the plain meaning of the word. That is, that they intended to assert their offer of judgment once again. Hence, they cannot reasonably argue that they were simply making a new and independent settlement offer outside of Rule 68.

---

[3] Oxford English Dictionary (3rd ed. 2008); online version June 2011. <http://www.oed.com/view/Entry/158908>; accessed August 15, 2011.

Further proof of their intention of standing by their offer of judgment despite the new scenario is the fact that the term "offer of judgment" was also employed, without any objection on their part, by the Plaintiffs in their Amended Motion for Entry of Judgment Pursuant to Fed.R.Civ.P. 68 and **more than once by the Court in its Partial Judgment** without any objection on their part. (Docket No. 366, 370). Neither did the Municipal Defendants object to the order issued by the Court to the Morales household even though the Order clearly states that, "[t]he totality of the funds comprised in the **offer of judgment** is to be deposited in Court pursuant to Local Rule 67." (Docket No. 372)(Emphasis ours).

The Court suspects that the Municipal Defendants are simply using the special circumstances that arose because of the Morales household issue in an attempt to escape a situation they did not foresee.

The Court now turns to the issue of whether the offer of judgment included costs and attorney's fees.

**B. The Request for attorney's fees**

Plaintiffs contend that because the offer of judgment was silent as to costs and attorney's fees the Court must award them both pursuant to Marek v. Chesny, 473 U.S. 1 (1985). In Marek, a sharply divided Supreme Court decided that a Rule 68 offer of

Case 3:07-cv-01992-JAG-SCC   Document 396   Filed 08/19/11   Page 11 of 17

Case 3:07-cv-01992-JAG-SCC   Document 396   Filed 08/19/11   Page 11 of 17

Civil Case No. 07-1992 (JAG)                                            11

judgment does not have to separately itemize an amount tendered for settlement of the substantive claim and an amount for costs in order for it to be valid. It did, however, clarify that a court must in any case award costs because the rule "allows judgment to be taken against a defendant for both the damages caused by the challenged conduct and the costs then accrued." Id. at 6. The Court explained that,

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs. Id. at 6 (internal citation omitted).

The Supreme Court also found that when a statute defines attorney's fees as "costs," a court must also award attorney's fees under Rule 68. The Court stated that, "all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.' Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." Id. at 9. (internal citations omitted). Applying this rationale, the Court found that attorney's fees pursuant to 42 U.S.C. § 1988 are subject to the cost-shifting provision of Rule 68.

In King v. Rivas, 555 F.3d 14 (1st Cir. 2009), the First Circuit criticized Rule 68's effect of having to deny attorney's fees to a plaintiff who reasonably rejected an offer of judgment when the jury proved to be stingier than might be expected. It stated that, "[s]uch outcomes could be avoided if courts could read into Rule 68 a discretionary power of the judge not to allow costs where the result would be unfair. But Rule 68 uses the term "must." King v. Rivas, 555 F.3d 14 (1st Cir. 2009).

In Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238 (11th Cir. 2002), the Eleventh Circuit found that where an offer of judgment is silent regarding attorney's fees, the ambiguity must be interpreted against the drafter of the offer. There, the offer of judgment stated that defendants would pay to plaintiffs "the sum of Forty-five thousand and 0/100 Dollars ($45,000) with costs accrued." Id. at 1339. The Eleventh Circuit, after analyzing similar cases, found that the silence regarding attorney's fees created an ambiguity that had to be resolved against the drafter of the offer because "[o]nly the offeror can ensure that the offer clearly includes or excludes fees." Id. at 1244. Hence, it found that fees were not included in the $45,000 offer.

In McCain v. Detroit II Auto Finance Center, 378 F.3d 561, 563 (6th Cir. 2004) the offer of judgment stated, "[the

Defendant] offers to the Plaintiff, Rebekah MaCain, the amount of three thousand dollars ($3,000.00), as to all claims and causes of actions for this case." The Sixth Circuit found that the offer's silence regarding costs meant that true costs were recoverable but that attorney's fees were not because "none of the statutes that McCain's Amended Complaint sought to call into play, and none of the common law claims that McCain sought to advance, treats potentially awardable attorney's fees as 'costs.'" Id. at 564. Hence, "the Detroit II offer--which expressly embraced 'all claims and causes of action for this case' […]--leaves no room for a post-offer effort by McCain to collect attorney's fees." Id.

The courts in Util. Automation 2000 and McCain recognized, however, that an offer that unambiguously includes attorney's fees will bar the party who accepts it from seeking additional fees under costs or the relevant statute awarding attorney's fees to the prevailing party. Both cases cited Nordby v. Anchor Hocking Packging Co., 199 F.3d 390 (7th Cir. 1999)(Posner, R.) as an example.

Nordby, however, is not a clear example of an unambiguous offer because the offer there was for "judgment in the amount of $56,003.03 plus $1,000 in costs as one total sum as to all counts of the amended complaint." Id. at 391. The Seventh

Circuit found that it did not need to decide if attorney's fees fell within a statutory claim included in one of the counts of the complaint or within costs because, either way, they would have been included in the offer of judgment. It stated, "[i]f the fees that the plaintiff is seeking in this case are part of the substantive relief they are covered by the part of the Rule 68 offer that refers to the judgment, and if they are part of the costs that the plaintiff is seeking then they are covered by the part of the offer that refers to costs." Id. at 393.

Courts have repeatedly stated that it is an offeror's responsibility to be clear regarding the contents of their offer. See, e.g., Utility Automation 2000, 298 F.3d at 1249 ("We note, as have other courts, that defendants can easily preempt the dispute exemplified here, as well as others by clearly stating their intent in the offer of judgment."); Nordby, 199 F.3d 393 ("[T]he prudent defendant… will mention [attorney's fees] explicitly"); Gavoni v. Dobbs House, Inc., 164 F.3d 1071, 1076 (7th Cir. 1999)("a defendant should state his intentions clearly, and any failure to do so will be at his peril").

In the case at bar, the offer of judgment states that the Municipal Defendants "hereby offer judgment in favor of the Plaintiffs, **for all claims, and all claims that could have been**

**brought by all of the Plaintiffs**, in the total amount of $300,000." (Docket No. 379, p.4).

There is no doubt that attorney's fees in this case must be considered costs because it was precisely in Marek that the Supreme Court held that 42 U.S.C. § 1988 fees are costs for purposes of Rule 68. Since the Municipal Defendants offer is patently silent regarding costs, this Court must award both true costs and attorney's fees as part of the judgment. Even though the offer is clear regarding its inclusion of "all claims and all claims that could have been brought," this language refers to Plaintiffs' substantive claims, not costs. It was the Municipal Defendants' responsibility, as drafters of the offer, to be clear regarding the inclusion of costs and attorney's fees in their offer.

## CONCLUSION

Since Defendants have not yet properly opposed the request for attorney's fees but timely reserved their right to do so while the Court determined the issue regarding the nature of the judgment in this case, they are hereby **ORDERED** to file their opposition to Plaintiffs motion by September 19, 2011.

Finally, it is clear from the sequence of events reflected in the Court's docket that at all times before and after the

entry of the Partial Judgment and up until the moment when Plaintiffs filed their motion for attorney's fees, the Municipal Defendants, the Plaintiff and the Court were under the understanding that everything was being done pursuant to Rule 68. It is not until Plaintiffs moved the Court to grant attorney's fees that the Municipal Defendants came up with the traditional settlement theory. It is therefore necessary, by virtue of its power to *sua sponte* mend its oversights and mistakes through Fed.R, Civ.P. 60(a), that the Court correct the Partial Judgment it entered on May 10, 2011.[4] (Docket No. 370). The amended partial judgment must state:

> On April 28, 2011, co-defendants Municipality of Barceloneta, Sol Luis Fontanes, Elsa Pérez, Silvia Riquelme, Amid Molina Morales, Leonides González, Esther Ruiz and Edgardo Santiago (jointly, "Municipal Defendants"), tendered an offer of judgment pursuant to Fed.R.Civ.Proc. 68 to all plaintiffs. (Docket No. 351). On May 5, 2011, they informed the Court that, "[p]ursuant to the terms agreed to by the parties during the course of the Settlement Conference, the Defendants reaffirm the Offer of Judgment." (Docket No. 364). On that same date, all plaintiffs, except for Antonia Morales, Kelvin Morales and Randy Morales, notified the Court that they had accepted the offer and requested the entry of judgment. (Docket No. 366).
> Pursuant to the Memorandum and Order issued today (Docket No. 396), the Court hereby enters an Amended Partial Judgment against the Municipal Defendants for $280,000. This partial judgment does not relate to the

---

[4] It is noted that during the hearing held on July 8, 2011, the undersigned expressed that the judgment should have ordered the Municipal Defendants to deposit the amount of the offer of judgment instead of dismissing Plaintiffs claims and that none of the parties objected to the Court's finding.

claims filed by Antonia Morales, Kelvin Morales and Randy Morales against the Municipal Defendants, which are still pending before the Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of August, 2011.

                                    S/ Jay A. Garcia-Gregory
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge