**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MADELINE MALDONADO, et al.,

    **Plaintiffs**

       v.

MUNICIPIO DE BARCELONETA, et
al.,

    **Defendants**

**CIVIL NO.** 07-1992(JAG)

**OPINION AND ORDER**

Before the Court stands plaintiffs' counsel, Attorney
Kortright, Attorney Quetglas, and Attorney Vazquez
("Plaintiffs"), motion for attorney's fees. (Docket No. 374).
Mr. Sol Luis Fontanes, the Municipality of Barceloneta, Leonides
Gonzalez, Sylvia Riquelme, Esther Ruiz, Ahmid Molina Morales,
and Edgardo Santiago ("Municipal Defendants") have opposed
Plaintiffs' fee application. (Docket No. 399). For the reasons
set forth below the Court hereby reduces Plaintiffs' fee
application and hereby **GRANTS IN PART AND DENIES IN PART** the
request for fees. Furthermore, the Court reprimands counsel for
each party for engaging in unprofessional and unconscionable
conduct causing the waste of time and resources by this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2011, after receiving the First Circuit's Mandate dismissing the interlocutory appeal filed by several employees of the Municipality of Barceloneta who, along with Mayor Sol L. Fontanes, are the Municipal Defendants, the Court scheduled the case for trial. (Docket No. 321, 325). On April 28, 2011, the Municipal Defendants filed a notice to the Court indicating they had delivered Plaintiffs an offer of judgment pursuant to Fed.R.Civ.P. 68 ("Rule 68"). (Docket No. 351).

Shortly thereafter, on May 3, 2011, a Pretrial and Settlement Conference was held before the undersigned. (Docket No. 363). During the conference, attorneys for Plaintiffs informed the Court that they were forced to request withdrawal from the legal representation of plaintiffs Antonia Morales and her two sons (the "Morales household").[1] After the attorneys explained their reasons, the Court found them to be compelling and agreed to grant the withdrawal, but ordered the attorneys to make the request on the record. The motion was eventually filed and granted by the Court. (Docket Nos. 361, 362).

During the conference, Plaintiffs informed the Court that they would accept the offer of judgment tendered by the Municipal Defendants. The Municipal Defendants agreed to deposit

---

[1] Hereinafter, the term "Plaintiffs" will refer to all plaintiffs except the Morales household.

Civil Case No. 07-1992 (JAG)                                          3

the total amount of the offer of judgment with the Court and to have an amount equal to what would proportionally be awarded to the Morales household earmarked for them.[2]

On May 5, 2011, two days after the conference before the undersigned, the Municipal Defendants filed an informative motion. (Docket No. 364). Municipal Defendants' motion states that they had delivered an offer of judgment to Plaintiffs on April 28, 2011 and that "[p]ursuant to the terms agreed to by the parties during the course of the Settlement Conference, the Defendants reaffirm the Offer of Judgment." (Docket No. 364). Several hours later, Plaintiffs filed an Amended Motion for Entry of Judgment Pursuant to Fed.R.Civ.P. 68 stating that they had notified the Municipal Defendants that their April 28th offer had been accepted. (Docket No. 366). Municipal Defendants requested entry of judgment and that the judgment exclude the Morales household.

In that same Order, the Court, after stating that Plaintiffs had accepted the offer of judgment, ordered that:

> The totality of the funds comprised in the offer of judgment is to be deposited in Court pursuant to Local Rule 67. Plaintiffs may withdraw all funds except an amount equaling $20,000.00. Said amount is hereby earmarked for Antonia Morales, Kelvin Morales and Randy Morales.

---

[2] According to what the parties expressed during the Pretrial and Settlement Conference, the Morales household's proportional share of the offer of judgment is $20,000.

Civil Case No. 07-1992 (JAG)                                    4

On May 24, 2011, Plaintiffs filed a Motion for Attorney's fees. (Docket No. 374). As a result of the request for attorney's fees, a spate of motion practice ensued and the Court, after having initially denied the Municipal Defendants' request, decided to hold a hearing in order to discuss the parties' respective positions on the matter.

The Court concluded that despite the objections voiced by Municipal Defendants, the parties agreed to a Fed.R.Civ.P. 68 offer of judgment. The Court further concluded that attorney's fees in this case must be considered costs and that the Court must award both true costs and attorney's fees as part of its judgment. (Docket No. 396). Municipal Defendants subsequently filed their opposition to the motion for attorney's fees on September 12, 2011. (Docket No. 399).

## DISCUSSION

Plaintiffs argue that they are entitled to attorney's fees pursuant to the Federal Attorney's Fees Act of 1976, 42 U.S.C. § 1988 ("§ 1988"). Plaintiffs' entitlement to attorney's fees depends on whether or not they are prevailing parties in a civil rights case brought pursuant to 42 U.S.C. § 1983. Courts should ordinarily award attorney's fees unless special circumstances would render such an award unjust. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001).

Civil Case No. 07-1992 (JAG)                                        5

     "Like many others before it, the key to this case is
whether the plaintiff achieved "prevailing party" status.
Typically, a plaintiff is deemed to have prevailed if he can
show that he "succeeded on an important issue in the case,
thereby gaining at least some of the benefit he sought in
bringing suit." Richardson v. Miller, 279 F.3d 1, 2 (1st Cir.
2002)(citing Gay Officers Action League, 247 F.3d at 293).
Plaintiffs do not need to prevail on every claim, but rather
Plaintiffs must receive some relief on the merits of their claim
before the Court can find that they have prevailed. Richardson,
279 F.3d at 2 (citing Hewitt v. Helms, 482 U.S. 755, 760
(1987)).

     Furthermore, a fee award must be reasonable in light of the
degree of success attained. System Management, Inc. v. Loiselle,
154 F.Supp.2d 195, (D.Mass. 2001)(citing Farrar v. Hobby, 506
U.S. 103, 111 (1992)). The Supreme Court has not adopted a rule
that measures a fee award by a proportion of the damages
awarded. Id. (citing City of Riverside v. Rivera, 477 U.S. 561
(1986)).

     Generally, courts employ the lodestar method when
calculating fees pursuant to § 1988. A court should begin with
the attorney's contemporaneous billing records and subtract
hours that are duplicative, unproductive, or excessive and
multiply the reasonable hours billed by the prevailing attorney

rate in the community. <u>Bogan v. City of Boston</u>, 489 F.3d 417
(1st Cir. 2007)(citing <u>Gay Officers Action League</u>, 247 F.3d at
295). The resulting amount derived from this calculation is the
lodestar. After calculating the lodestar, a court may adjust the
award further for several reasons including the quantum of
success achieved in the litigation. <u>Id.</u>

   In deciding a fee award, the trial judge should weigh the
hours claimed against his own knowledge, experience, and
expertise of the time required to complete similar activities.
<u>Loiselle</u>, 154 F.Supp.2d at 202.

   Municipal Defendants do not object to the rates requested
by Plaintiffs' counsel. These rates are: $150.00 per hour for
Maria S. Kortright, $250.00 per hour for Jose F. Quetglas, and
$225.00 per hour[3] for Pedro R. Vazquez. The Court notes that
Attorney Kortright possessed 29 years of experience at the time
the case was filed. Attorney Quetglas affirms in his motion that
he has 25 years of experience but does not provide any further
information. Furthermore, Attorney Vazquez enjoyed 14 years of
experience at the time the case was filed.

   Attorney Quetglas seeks compensation at a rate of $250.00
per hour. The Court finds that Attorney Quetglas has failed to
distinguish between work performed in court and work performed

---

[3] Plaintiff's Motion for Attorney's Fees confusingly states that Attorney
Vazquez is requesting payment at a rate of $225.00 per hour. However,
Attorney Vazquez's submitted timesheet calculates his fee application at a
rate of $200.00 per hour. (Docket Nos. 374 and 374-1).

outside of court. See Guillemard-Ginorio v. Contreras, 603
F.Supp.2d 301 (D.P.R. 2009). Moreover, Attorney Quetglas has not
provided his resume or credentials to the Court and only informs
the Court that he has practiced for 25 years. Thus, the Court
reduces Attorney Quetglas' rate to $200.00 for work performed
out of court and $250.00 for work performed in court. This
adjustment is done in light of Attorney Quetglas' educational
background and experience.

Attorney Vazquez seeks compensation at the rate of $225.00
per hour. The Court understands that the rate advanced by
Attorney Vazquez is rather high. Moreover, the Court notes that
Attorney Vazquez does not distinguish between work performed in
court and work performed out of court. In his motion, Attorney
Vazquez indicates that his rates vary between $175.00 and
$250.00 depending on the complexity of the case and the time the
case will require. (Docket No. 374-4). The Court has substantial
difficulty in approving a rate of $225.00 for Attorney Vazquez
when he has substantially less experience than his co-counsel.[4]
Additionally, the Court does not understand that his academic
credentials merit a further increase. As a result, the Court
believes that an hourly rate of $190.00 for out of court work in
this case would be appropriate for Attorney Vazquez. Moreover,

_____

[4] Attorney Kortright cites 29 years of professional experience. Similarly,
Attorney Quetglas cites 25 years of experience. Attorney Vazquez lists 14
years of experience at the time the case was filed. (Docket No. 374-1).

the Court understands that a rate of $210.00 for in court work to be appropriate.

Municipal Defendants object to the number of hours included in Plaintiffs' timesheets. Defendants argue that Plaintiffs seek payment for work that should not be remunerated. More specifically, Municipal Defendants aver that Plaintiffs seek payment for work performed pursuing third parties, work performed relating to non-prevailing claims, work performed for dismissed Plaintiffs, and work that impermissibly combines time spent representing dismissed parties with work performed in representation of surviving Plaintiffs. Municipal Defendants further object to a number of time entries on the ground that they are excessively vague. The First Circuit has previously held that time entries that are "so nebulous that they fail to allow the paying party to dispute the accuracy of the records as well as the reasonableness of the time spent" may be discounted. Lipsett v. Blanco, 975 F.2d 934, 939 (1st Cir. 1992)(citing Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986)).

"[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved ... and therefore no fee may be awarded for services on the unsuccessful claim." Bogan, 489 F.3d at 428 (citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)). However, the rationale for discounting

hours spent on unsuccessful claims does not apply where both
successful and unsuccessful claims arose from the same common
core of facts or were based on related legal theories. Id.
"Thus, fees are appropriately excluded from the lodestar only
when different claims for relief are not interconnected, that
is, when the claims rest on different facts and legal theories."
Bogan, 489 F.3d at 428-429 (citing Figueroa-Torres v. Toledo-
Davila, 232 F.3d 270, 278 (1st Cir. 2000))(internal citations
and quotation marks omitted). Nonetheless, in multi-defendant
cases in which joint and several responsibility has been deemed
inappropriate, the allocation of fees by time expended is the
appropriate choice. Torres-Rivera v. O'Neill-Cancel, 524 F.3d
331, 337 (1st Cir. 2008). In this case, the Court believes that
the apportionment of fees is adequate and that in the interest
of fairness and equity, attorney's fees should be calculated
according to the time expended method. In other words,
Plaintiffs may recover attorney's fees according to the time
they expended in litigating their claims against Municipal
Defendants. The Court believes that this is the most fair and
sensible solution that can be achieved in this case. Id.

**A. Work performed pursuing third parties**

*1. Attorney Kortright*

Municipal Defendants object to 79.1 hours of work billed by
Attorney Kortright. Defendants aver that these disputed time

Civil Case No. 07-1992 (JAG)                                    10

entries entail work performed relating to non-appearing

defendants. Attorney Kortright agrees that these time entries

should be reduced by 11.3 hours. As a result the parties

disagree over 67.8 hours of work.

| Date | Description | Hours |
|------|-------------|-------|
| 2/14/2008 | Filing response to Laboy | 6.1 |
| 4/4/2008 | Review of Answer by ACS | 1.5 |
| 6/13/2008 | Review of Documents from Vivienda | 7 |
| 7/16/2008 | Discovery to Vivienda | 7 |
| 8/1/2008 | Preparation of Discovery to Julio Diaz and ACS | 4 |
| 8/8/2008 | Review of Grillo's Answer to complaint | 2.5 |
| 8/27/2008 | Communication with Counsel Sanchez (Vivienda) | 0.2 |
| 8/29/2008 | Written communication with Sanchez (Vivienda) | 0.2 |
| 9/2/2008 | Issuance of Subpoena to Dept. of Health | 0.1 |
| 9/19/2008 | Taking deposition for Enrique Baez | 7.5 |
| 10/7/2008 | Teleconference with Dept. of Health | 0.1 |
| 10/8/2008 | Review of Answers by Julio Diaz | 5 |
| 10/12/2008 | Preparation of deposition of Julio Diaz | 7.3 |
| 10/13/2008 | Deposition of Julio Diaz | 2.5 |
| 10/20/2008 | Preparation for Depo of PHA (Vivienda) employees | 2 |
| 10/21/2008 | Appearance for Depositions of PHA (Vivienda) employees | 6.5 |
| 11/7/2008 | Review production from Guaynabo | 3.2 |
| 11/9/2008 | Revision of case and prepare for Deposition Julio Diaz | 4 |
| 11/10/2008 | Deposition of Julio Diaz | 5 |
| 2/19/2009 | Review of Cross claim by Julio Diaz | 0.2 |
| 3/11/2009 | Review of documents in preparation for deposition of Carlos Laboy | 2.5 |
| 3/12/2009 | Appearance at Deposition of Carlos Laboy | 3.5 |
| 5/22/2009 | Review of MSJ filed by Julio Diaz | 1 |
| 5/22/2009 | Review of Facts in MSJ filed by Julio Diaz | 0.2 |

Civil Case No. 07-1992 (JAG)                                                11

Both the Supreme Court in <u>Hensley</u> and the First Circuit have addressed when claims may be appropriately fused for the purpose of determining attorney's fees. <u>See</u> <u>Figueroa-Torres v. Toledo-Davila</u>, 232 F.3d 270, (1st Cir. 2000). The First Circuit has stated that when different claims for relief rest on different facts and legal theories, they are by definition severable and unrelated. <u>Id.</u> at 278. It is true that in the instant case Plaintiffs claims stem from a common incident, however, it does not follow that the claims may not be severed. In this case, Plaintiffs seek compensation for work performed pursuant to Carlos Laboy and the Public Housing Administration of the Commonwealth of Puerto Rico ("PHA"). Plaintiffs' complaint clearly states that Mr. Laboy, the Chief of the PHA, was sued in his official capacity only for purposes of the implementation of injunctive relief. The Court finds that the work performed in pursuit of injunctive relief in relation to Mr. Laboy and the PHA is severable from the claims that survived. As a result, the Court does not think that Municipal Defendants should bear the costs of the work performed pursuant to Carlos Laboy and PHA.

Similarly, the Court understands that it would be inappropriate to approve a fee award that includes work relating to Animal Control Solutions ("ACS"). The Court entered default against ACS and its president, Julio Diaz, on April 29, 2011.

However, default judgment has not yet been entered against ACS at this juncture, but rather plaintiffs have requested that the Court dismiss all claims against these defendants without prejudice.[5]

Thus, although Plaintiffs validly argue that they are prevailing parties, the Court believes that it would be excessive to grant attorney's fees for work relating to other defendants in this case. In other words, although Plaintiffs may claim that they are the prevailing party pursuant to the offer of judgment and subsequent partial judgment entered in relation to the Municipal Defendants, it would be disingenuous to say that Plaintiffs are also prevailing parties and entitled to attorney's fees for work relating to ACS. Moreover, if the Court granted attorney's fees against Municipal Defendants for work performed in relation to ACS, the result would be neither fair nor sensible.

After examining these entries in careful detail, the Court finds that they overwhelmingly include work that was performed relating to ACS or the Department of Housing. Additionally, Attorney Kortright includes an entry of 2.5 hours for 8/8/2008 that was spent reviewing an answer to the complaint that is one page in length. The Court is also aware that one of these disputed entries for 10/13/2008 states that some of the 7.3

---

[5] The Court has granted this request and shall enter partial judgment simultaneously with this Opinion and Order.

hours of work charged that day was done reviewing the response
by one of the Municipal Defendants. However, the time entry does
not specify how much of that time was spent reviewing the
Mayor's response and the Court understands that the entry should
be removed in its entirety.

As a result of the foregoing, the Court finds it
appropriate to subtract the remaining 67.8 hours in their
entirety from the requested fee award.

### 2. Attorney Vazquez

Attorney Vazquez's timesheet also includes 73 hours of work
performed relating to non-appearing defendants. These entries
address work relating to ACS, Mr. Julio Diaz, or the PHA.

| Date | Description | Hours |
|---|---|---|
| 2/14/2008 | Review MTD by PRPHA | 3 |
| 4/15/2008 | Review of answer by Julio Diaz | 2.5 |
| 7/22/2008 | Review of discovery by Julio Diaz | 2.5 |
| 9/19/2008 | Deposition of Enrique Baez | 5 |
| 10/20/2008 | Preparation for Depositions of Public Housing witnesses | 4 |
| 10/21/2008 | Depositions of PRPHA witnesses | 6.5 |
| 6/8/2009 | Review and opposition to MSJ by Julio Diaz | 9 |
| 6/10/2009 | Review and opposition to MSJ by Julio Diaz | 11 |
| 6/11/2009 | Review and opposition to MSJ by Julio Diaz | 12 |
| 6/12/2009 | Review and opposition to MSJ by Julio Diaz | 8 |
| 6/13/2009 | Review and opposition to MSJ by Julio Diaz | 9 |
| 11/12/2009 | Review of Magistrate Report re Julio Diaz | 0.5 |

Civil Case No. 07-1992 (JAG)                                     14

    As explained above, the Court does not find that these

entries are appropriate. Therefore, the Court reduces the

lodestar by 73 hours.

**B. Work Performed Not Relevant to Surviving Fourth Amendment**

**Claim**

    *1. Attorney Kortright*

    Defendants argue that Attorney Kortright has included 21.3

hours of work in her timesheet for work that was not relevant to

Plaintiffs surviving Fourth Amendment claim. Of these entries,

5.8 hours are listed as Research Regarding Animal Law.

| Date | Description | Hours |
|------|-------------|-------|
| 10/18/2007 | Research Regarding Animal Law; Review complaint to be filed | 2.5 |
| 10/23/2007 | Review of legal briefs on Animal Law | 2 |
| 10/24/2007 | Research Animal Law | 1.3 |
| 1/4/2008 | Attended hearing in State Court criminal case | 6.5 |
| 2/5/2008 | Attended hearing in State Court criminal case | 4 |
| 11/14/2008 | Reviewed documentation from State Court District Attorney | 5 |

    The Court believes that these entries are vague given the

nature of this case. The Court has no means of adequately

assessing what work was performed in light of this entry and

understands that they should not be included in the fee award.

These time entries are "so nebulous that they fail to allow the

paying party to dispute the accuracy of the records as well as

Civil Case No. 07-1992 (JAG)                                          15

the reasonableness of the time spent" and may be discounted.

Lipsett, 975 F.2d at 939. Only the entry for 10/18/07 provides

an entry that is not ambiguous. As a result, the Court will not

discount the 2.5 hours for work performed on 10/18/07, but will

discount 3.3 hours spent researching animal law.

     Attorney Kortright's time entries also include 10.5 hours

of work spent attending state criminal hearings to gather facts

from witnesses testifying in those proceedings. The Court finds

that these time entries are also inappropriate and should not be

included in the fee award, as these dismissed time entries

constitute work that is excessive and too vague and nebulous for

its inclusion in the fee award. However, the Court finds that

the 6.5 hours spent reviewing discovery regarding the state

criminal proceedings to be appropriate.

     As a result of the foregoing, the Court reduces Attorney

Kortright's time entries from 21.3 hours to 7.5 hours.

     *2. Attorney Vazquez*

     Defendants also object to 31 hours of work included in

Attorney Vazquez's timesheet.

| Date | Description | Hours |
|------|-------------|-------|
| 10/16/2007 | Conference with state side Humane Society regarding animal cruelty remedies; drafting complaint | 10 |
| 11/6/2007 | Meeting with police investigating criminal complaint | 7 |
| 1/4/2008 | Attended hearing on criminal complaint | 6.5 |

Civil Case No. 07-1992 (JAG)                                         16

| | | |
|---|---|---|
| 2/5/2008 | Attended hearing on criminal complaint | 4 |
| 7/15/2008 | Attended hearing on criminal complaint | 1.5 |
| 7/22/2008 | Motion to compel answer to complaint | 2 |

Of these entries, the Court finds that those for 1/4/08, 2/5/08, and 7/15/08 should be discounted because the work relates to attending the criminal proceedings at the state level. Thus, the Court finds that discounting the 12 hours stated in these entries is appropriate.

Similarly, the Court is somewhat surprised that counsel met with Puerto Rico Police officers and clients for a period of 7 hours on 11/6/07. The Court hereby reduces said time entry to 2.5 hours. The Court also finds it difficult to accept that counsel spent 2 hours working on a motion to compel that is two pages in length and does not address any caselaw on 7/22/08. As a result, this time entry is hereby stricken. Lastly, the Court understands that the entry for 10/16/07 should be reduced to 5 hours. Thus, Attorney Vazquez's time entries in this section are reduced to 5 hours.

**C. Work performed on behalf of dismissed plaintiffs**

*1. Attorney Kortright*

Municipal Defendants further object to several time entries relating to work performed on behalf of dismissed plaintiffs.

| Date | Description | Hours |
|---|---|---|
| 10/13/2007 | Interviews with Residents | 5 |
| 10/15/2007 | Interviews with Residents | 7 |

Civil Case No. 07-1992 (JAG)                                      17

| 10/16/2007 | Client Interviews | 7 |
|---|---|---|
| 10/22/2007 | Interviews with Additional clients | 6 |
| 11/8/2007 | Organization of info from new clients | 6.2 |
| 12/1/2007 | Meeting with Plaintiffs | 3.5 |
| 12/11/2007 | Review and Organization of facts | 7.3 |
| 12/15/2007 | Drafting of facts of additional clients | 7 |
| 3/7/2008 | Drafting of Amended Complaint | 7 |
| 9/1/2008 | Preparation for Deposition Review | 3.7 |
| 9/25/2008 | Drafting of Discovery Objections | 8 |
| 9/30/2008 | Visit to Barceloneta; interview clients | 8 |
| 10/4/2008 | Meeting with Clients | 4 |
| 10/6/2008 | Meeting with Clients | 9 |
| 10/9/2008 | Phone Interviews with Clients | 11 |
| 10/20/2008 | Teleconference with several clients | 0.5 |
| 10/23/2008 | Meeting with Clients | 3.3 |
| 10/27/2008 | Conference with Clients | 8 |
| 10/28/2008 | Conference with Clients | 3 |
| 10/29/2008 | Meeting with Clients Re: discovery | 9 |
| 10/30/2008 | Continuation of Meeting with clients | 7 |
| 11/13/2008 | Conference with Clients | 7 |
| 12/6/2008 | Visit to Barceloneta; client meeting | 4 |
| 12/10/2008 | Meeting with Clients | 8 |
| 1/12/2009 | Preparation of Clients for depositions | 8.5 |
| 1/13/2009 | Preparation of Clients for depositions | 6 |
| 1/20/2009 | Client Prep for Deposition | 9.5 |
| 1/21/2009 | Client Prep for Deposition | 5 |
| 1/22/2009 | Client Prep for Deposition | 8 |
| 1/28/2009 | Client Prep for Deposition | 5 |

In total, Municipal Defendants object to 191.5 hours of
work. Attorney Kortright has agreed to reduce some of the
disputed time entries in this section by 55%. The Court is
somewhat surprised by Attorney Kortright's reduction as she
provides no reasoning for her willingness to reduce some
entries. Despite Attorney Kortright's generous reduction, the
Court understands that several of these entries should be
eliminated outright.

The Court believes that some of these entries must be
eliminated because, as is a pattern with Attorney Kortright's
timesheet, there is a consistent lack of clarity in her entries
and they are extremely vague as to what work was performed. As a
result, the following entries are deducted from her timesheet:
10//16/07 (7 hours), 9/1/08 (3.7 hours), 10/4/08 (4 hours),
10/20/08 (.5 hours), and 10/23/08 (3.3 hours). These time
entries, which total 18.5 hours, are dismissed because they are
excessively vague and are too nebulous for their inclusion in
the fee award. Furthermore, the entry for 10/16/07 only lists
client interviews for a period of 7 hours. The Court has already
accepted 12 hours of work on client interviews for 10/13/07 and
10/15/07. The Court has a difficult time allowing the entry for
10/16/07 in light of the vagueness of the entry and the Court's
belief that it is duplicative. Thus, the Court reduces the
disputed hours to 173 hours.

Although Attorney Kortright does not readily provide an explanation for a 55% percent reduction of the remaining 173 hours, the Court believes in its experience and intimate knowledge with the proceedings in this case that a 55% reduction is adequate. As a result, Attorney Kortright's disputed hours are reduced to 78 hours.

*2. Attorney Vazquez*

Municipal Defendants further object to 88.5 hours listed in Attorney Vazquez's timesheet. Although Municipal Defendants' motion objects to 44.5 hours, the Court notes that that Attorney Vazquez listed a total of 56.5 hours to working on the complaint.

| Date | Description | Hours |
|------|-------------|-------|
| 10/13/2007 | Client interviews | 5 |
| 10/17/2007-11/5/2007 | Drafting complaint | 56.5 |
| 6/11/2008 | Meeting with client | 8 |
| 10/29/2008 | Meeting with client | 9 |
| 10/30/2008 | Meeting with client | 10 |

Attorney Vazquez states that he spent approximately 56.5 hours drafting the complaint. Although some of these disputed time entries state that Attorney Vazquez spent some of these disputed hours in client conferences, the time entries fail to provide any allocation of how much time was spent drafting and

editing the complaint and how much time was spent in client conferences.

The Court finds that these entries are excessive and duplicative. The Court notes that Attorney Kortright also includes entries around this time that include working on the complaint and meeting with clients. Attorney Vazquez's entries for 10/13/2007 (5 hours), 10/17/2007 (9 hours), and 10/22/2007 (6 hours) are duplicative when considered in tandem with Attorney Kortright's hours. As a result, the Court finds it appropriate to reduce these hours by half. In summary, the Court finds it appropriate to reduce Attorney Vazquez's time entries for 10/13/2007 to 2.5 hours, 10/17/2007 to 4.5 hours, and 10/22/2007 to 3 hours for a total of 11 hours.

Moreover, Attorney Vazquez's entries for 10/29/2008 (9 hours) and 10/30/2008 (10 hours) are also duplicative with Attorney Kortright's hours and should be reduced by half from 19 hours to 9.5 hours.

As a result of the foregoing Attorney Vazquez's hours are reduced to 69 hours.

**D. Excessive entries**

*1. Attorney Kortright*

Municipal Defendants posit that Attorney Kortright has also submitted a number of time entries that are excessive and should be reduced.

Civil Case No. 07-1992 (JAG)                                    21

| Date | Description | Hours |
|---|---|---|
| 7/8/2008-7/31/2008 | Drafting discovery to Municipality | 39.5 |
| 7/30/2008 | Letter to Millan (counsel for employees) | 6 |
| 11/12/2008 | Prepare for meeting with Attorney Colon | 6 |
| 5/29/2009-5/30/2009 | Review of Documents for Oppo. Def. MSJ | 16 |
| 3/18/2011-4/19/2011 | Work on pretrial brief | 37 |
| 4/16/2011-4/18/2011 | Preparation for pretrial conference | 24 |
| 5/2/2011 | Review of motion filed by Municipality | 8 |
| 5/2/2011 | Preparation for trial | 9 |

Attorney Kortright agrees that one of her time entries for 5/2/2011 should be reduced to 0.8 instead of 8 hours. Despite this reduction, the Court understands that several other entries merit a reduction.

Specifically, Municipal Defendants object to the amount of spent on various activities related to the case. Municipal Defendants argue that these entries are excessive without submitting any clear rationale as to why these hours are excessive. Despite this lack of clarity, the Court agrees with Municipal Defendants' contention that several entries seem to be excessive. The Court understands that the 9 hours billed by Attorney Kortright on 5/2/2011 in preparation for trial is excessive. This particular entry seems disproportionate in light

Civil Case No. 07-1992 (JAG)                                         22

of the fact that the trial was set for 5/23/2011. Furthermore,
the Court notes that the parties attended a pretrial conference
on 5/3/2011, thereby making it less likely that Attorney
Kortright was preparing for trial, reviewing the deposition and
drafting the questions for the direct examination of Mayor
Fontanes as her timesheet indicates (Docket No. 374-2, p. 33).
As a result, the Court believes that this entry should be
deducted entirely. Thus, the Court reduces Attorney Kortright's
disputed hours in this section from 145.5 requested hours to a
total of 129.3 hours. Furthermore, as will be explained below,
the Court understands that an additional reduction of four hours
is proper. Therefore, the Court further reduces Attorney
Kortright's hours to 125.3 hours.

  *2. Attorney Vazquez*

  Municipal Defendants take issue with several time entries
submitted by Attorney Vazquez totaling 144 hours.

| Date | Description | Hours |
|------|-------------|-------|
| 9/22/2008–9/23/2008 | Opposition to Stay Proceedings | 17 |
| 6/16/2009–6/23/2009 | Opposition to Defendants' MSJ | 62 |
| 11/16/2009–11/23/2009 | Objection to Magistrate Report | 41 |
| 4/13/2011–4/19/2011 | Work on pretrial memo | 24 |

  The Court finds that although the Attorney Vazquez's time
entries are not necessarily excessive, some are certainly

duplicative with Attorney Kortright's hours. Attorney Vazquez

avers that he spent 29 hours working on the pretrial memo.

Similarly, Attorney Kortright avers that she spent 24 hours in

preparation for the pretrial conference. The Court understands

that Attorney Kortright and Attorney Vazquez seek payment for

duplicative work. As a result, the Court believes that these

entries should be reduced to 20 hours for each attorney in

preparation of the pretrial conference. Attorney Kortright is

further deducted 4 hours and Attorney Vazquez is deducted 9

hours. Therefore, the Court reduces Attorney Vazquez's hours

from 144 to 135.

**E. Work Performed for Dismissed Claims**

   *1. Attorney Kortright*

   Municipal Defendants object to Attorney Kortright's

inclusion of two time entries that they believe are improperly

charged because they relate to work that was dismissed. Attorney

Kortright has agreed to remove the entry of .5 hours on

7/29/2008. Thus, the parties disagree only as to Attorney

Kortright's entry on 9/04/2008 for 2.3 hours of work. Attorney

Kortright's timesheet states that she spent 2.3 hours on the

analysis of issues presented in a motion to dismiss. It is not

readily apparent to the Court which motion to dismiss Attorney

Kortright was working on as the Court had previously resolved

the pending motion to dismiss on 7/29/2008. (Docket No. 91). As

a result, the Court concludes that Attorney Kortright's entry
lacks clarity and should therefore be stricken in its entirety.
Thus, the entry of 2.3 hours is eliminated and Attorney
Kortright's fee application is further reduced by 2.8 hours.

   *2. Attorney Vazquez*

   Attorney Vazquez includes approximately 43 hours of work
spent on drafting the opposition to Municipal Defendants' motion
to dismiss. Municipal Defendants argue that these time entries
are impermissible because Municipal Defendants' motion to
dismiss was granted and Plaintiffs may not obtain a fee award
for time spent defending unsuccessful claims. The question is
whether or not the claims that were dismissed were unrelated to
the successful ones. However, if the dismissed claims included a
common core of facts or were based on related legal theories
linking them to the successful claim, the award may include
compensation for legal work performed on the unsuccessful
claims. The Court understands that Attorney Vazquez's time
entries for work performed drafting the opposition to Municipal
Defendants' motion to dismiss to be valid and to be part of a
tightly wrapped core of common facts. Moreover, it is not
entirely clear to the Court how this time would be segregable.
However, the Court understands that 43 hours spent on such a
task to be excessive. As a result, the Court reduces the time

Civil Case No. 07-1992 (JAG)                                              25

spent drafting the opposition to Municipal Defendants' motion to

dismiss to 27 hours.

**F. Dismissed Plaintiffs**

    *1. Attorney Kortright*

    Municipal Defendants object to the inclusion of several

time entries that include work performed for dismissed

plaintiffs.

| Date | Description | Hours |
|------|-------------|-------|
| 1/14/2009 | Appearance at the depositions of Maldonado, C. Vazquez, M. Rios, V.Gutierrez [Dismissed]. | 6 |
| 1/26/2009 | Appearance at the depositions of J. Jimenez, M. Rivera, Blanca Medina [Dismissed}, C. Valle | 4.5 |
| 1/27/2009 | Appearance at the depositions of Antonia Morales [Resigned Representation], C.L. Agosto [Dismissed], R. Candelaria | 4.5 |
| 2/11/2009 | Appearance at the depositions of Angelica Valle, Daisy Caballero [Dismissed], Evelyn Soler [Dismissed], Andrea Rodriguez [Dismissed] | 4.5 |
| 2/12/2009 | Appearance at the depositions of Elba Guzman [Dismissed], Jaqueline Santiago [Dismissed], Lizette Agosto [Dismissed] | 4.5 |
| 2/24/2009 | Appearance at Depositions of Jessica Fuentes and Marijunaira Rivera [Dismissed] | 5 |

    Attorney Kortright agrees to modify her time entries in the

following way: 1/14/2009 should be reduced to 4.5 hours,

1/26/2009 should be modified to 1.10 hours,[6] 1/27/2009 should be

modified to 1.5 hours, 2/11/2009 should be modified to 1.5

hours, 2/12/09 should be withdrawn entirely, and 2/24/2009

---

[6]  Plaintiffs state that they seek to reduce the time entry to 1.15 hours. However, because Plaintiffs measure time in .10 increments, the Court finds that 1.10 is the appropriate reduction.

Civil Case No. 07-1992 (JAG)                                        26

should be reduced to 1.5 hours. As a result, Attorney
Kortright's hours are reduced from 29 to 10.1. The Court finds
that Attorney Kortright's adjustment of her timesheet is both
acceptable and reasonable.

    *2. Attorney Vazquez*

    In contrast, Attorney Vazquez has not adjusted his
timesheet. In order to recover fees, attorneys must submit a
full and precise accounting of their time, including specific
information about number of hours, dates, and the nature of the
work performed." <u>Deary v. City of Gloucester</u>, 9 F.3d 191, 197–
198 (1st Cir. 1993)(internal citation omitted). "First Circuit
Court case law "make[s] clear that prevailing parties who intend
to seek counsel fee awards ordinarily must ensure that
contemporaneous time records are kept in reasonable detail....
[First Circuit Court] precedents warn that failure to do so may
have deleterious consequences (such as the slashing or
disallowance of an award)." <u>Santiago v. Municipality of
Adjuntas</u>, 741 F.Supp.2d 364, 374 (D.P.R. 2010)(citing Gay
<u>Officers Action League</u>, 247 F.3d at 297).

    Attorney Kortright's willingness to reduce her time entries
for work performed on behalf of dismissed plaintiffs stands in
stark contrast to Attorney Vazquez's silence on the issue. The
Court notes that twelve Plaintiff families were dismissed from
this action due to lack of standing. Moreover, the Court also

Civil Case No. 07-1992 (JAG)                                    27

dismissed four additional plaintiffs for failure to prosecute
their claims and Antonia Morales resigned representation. The
claims presented by these plaintiffs are severable and the Court
understands that the work performed in relation to these
dismissed plaintiffs should be dismissed from the fee award
because this work was unsuccessful and is completely severable.

      The Court further notes that Attorney Vazquez seeks to
obtain remuneration for his work in these depositions at his
highest possible rate without any sort of adjustment or
description of his role in these depositions. Furthermore,
unlike the work addressed in the previous section, the work
performed in depositions for dismissed plaintiffs is easily
severable. Although the claims of dismissed and remaining
plaintiffs are essentially the same and both are tightly wrapped
around the same factual core, the Court believes that it would
be disingenuous, insensible, and unfair to grant Attorney
Vazquez a fee award that fully encompasses deposition work in
favor of dismissed plaintiffs. The Court understands that there
exists a difference between work expended on defending claims
that are ultimately dismissed and work performed in favor of
dismissed plaintiffs who either lacked standing or failed to
prosecute their claims. Moreover, the work performed in favor of
dismissed plaintiffs is so easily severable that the Court

Civil Case No. 07-1992 (JAG)                                          28

cannot find any justification as to granting Attorney Vazquez's

fee award as requested.

| Date | Description | Hours |
|------|-------------|-------|
| 1/12/2009 | Deposition prep. Maldonado, C. Vazquez, M. Rios, V. Gutierrez [Dismissed]. | 8.5 |
| 1/13/2009 | Continued Deposition prep for Maldonado, C. Vazquez, M. Rios, V. Gutierrez [Dismissed] | 6 |
| 1/14/2009 | Deposition Maldonado, C. Vazquez, M. Rios, V. Gutierrez [Dismissed]. | 6 |
| 1/20/2009 | Deposition prep for Vidot, J. Jimenez, B. Medina [Dismissed] | 9.5 |
| 1/21/2009 | Deposition prep for Vidot, J. Jimenez, B. Medina [Dismissed] | 5 |
| 1/22/2009 | Prep. Clients for deposition R. Candelaria C. Valle, M. Rivera [Dismissed], | 8 |
| 1/23/2009 | Prep. Clients for deposition R. Candelaria C. Valle, M. Rivera [Dismissed], A. Morales [Resigned Representation], C. Agosto [Dismissed] | 4.5 |
| 1/26/2009 | Deposition of R. Vidot, L. Rodriguez [Dismissed], J. Jimenez, B. Medina [Dismissed]. | 4.5 |
| 1/27/2009 | Deposition of clients R. Candelaria, J. Gonzalez [Dismissed], C. Valle, M. Rivera [Dismissed], A. Morales [Resigned Representation], C. Agosto [Dismissed] | 4.5 |
| 1/28/2009 | Prep. Clients for deposition J. Varela [Dismissed] S. Kortright, A. Sierra, R. Ojeda, E. Talavera [Dismissed] | 10 |
| 1/29/2009 | Deposition of J. Varela [Dismissed], S. Kortright, A. Sierra, R. Ojeda E. Talavera [Dismissed] | 6 |
| 2/11/2009 | Prep clients for deposition E. Guzman, [Dismissed], J. Rodriguez [Dismissed], L. Rodriguez [Dismissed] | 8.5 |
| 2/12/2009 | 02/12/09 Depos for E. Guzman [Dismissed], J. Rodriguez [Dismissed], L. Rodriguez [Dismissed] | 4 |
| 2/23/2009 | Prep for deposition M. Rivera [Dismissed], E. Tirado [Dismissed], and D. Caballero [Dismissed] | 7.5 |
| 2/24/2009 | 02/24/09 Deposition for Clients M. Rivera [Dismissed]. E. Tirado [Dismissed], and D. Caballero [Dismissed]. | 5 |

Upon review of Attorney Vazquez's timesheet, the Court understands that the entries for 2/23/2009 (7.5 hours) and 2/24/2009 (5 hours) should be removed in their entirety. The Court understands that the elimination of these entries is proper because all of the individuals deposed on those dates were dismissed from the case. Moreover, the rest of the entries combine work performed for both surviving and dismissed plaintiffs. Attorney Vazquez places the Court in a difficult position because he submits a fee request that seeks remuneration for impermissible work, but does not provide the Court sufficient information that would allow the Court to determine how much work Attorney Vazquez actually performed for surviving plaintiffs.

By the Court's count, Attorney Vazquez seeks payment for 85 hours of deposition work in relation to 25 plaintiffs. Of these 25 plaintiffs, 9 were dismissed or resigned representation. In other words, 36% of these plaintiffs are severable and should not be included in the fee award. A 36% reduction to Attorney Vazquez's timesheet would entail a reduction of 30.6 hours. The Court understands that such a reduction would be appropriate in this situation. Thus, the Court reduces Attorney Vazquez's hours to 54.4 hours for inclusion in the lodestar.

**G. Improper Lumping of Hours**

Civil Case No. 07-1992 (JAG)                                    30

Defendants object to a series of time entries that they argue improperly lump work of a materially different nature.

1. *Attorney Kortright*

Municipal Defendants argue that a number of entries are impermissible because they lump together different tasks performed by Attorney Kortright.

Attorney Kortright has submitted the following entries in her fee application:

| Date | Description | Hours |
|------|-------------|-------|
| 11/6/2007 | Meeting with Plaintiffs from Plazuela and Detectives from Police Department | 7 |
| 10/16/2008 | Discovery Activities; Planning Discovery as to Municipalities; Tel Conf with Counsel Colon; Drafting and Issuance of Subpoenas to Municipalities, Police, Dept. of Justice, Instituto Ciencias Forenses for video of Plazuela; Letter to Counsels of Julio Diaz; Scheduling of Conference; Sent Notice of Deposition for Mayor Fontanes | 6.2 |
| 11/17/2008 | Preparation of Responses to interrogatory of Municipality; Phone Conference with Some clients; Review of Documents | 7 |
| 11/18/2008 | Preparation of Responses from clients; Interview with Candelaria; Review Documents for preparation of Deposition Mr. Fontanes | 7 |

In total, Municipal Defendants dispute 27.2 hours. The Court understands that some of these entries are so nebulous

that they fail to allow the paying party to dispute the accuracy of the records as well as the reasonableness of the time spent. The Court understands that it is appropriate to reduce these entries by 50%.As a result, the Court finds it appropriate to reduce Attorney Kortright's hours from 27.2 to 13.6 hours.

### 2. Attorney Vazquez

Municipal Defendants object to one entry for Attorney Vazquez on the ground that it inappropriately lumps different activities. Said entry states: 10/15/2007 Client interviews; research on Fourth Amendment, Fourteenth Amendment, and local law for complaint prep and injunctive relief (10 hours). The Court notes that this entry was made at the very beginning of this case and that the hours seem acceptable. Although Attorney Vazquez's entry stating that he performed client interviews is borderline nebulous as to merit reduction, the Court will allow it in this instance. Therefore, the Court finds no need to discount this entry.

## H. Vague entries as to Attorney Kortright

Municipal Defendants object to several entries listed in Attorney Kortright's timesheet because they are excessively vague. The Court agrees with Municipal Defendants.

| Date | Description | Hours |
|---|---|---|
| 11/26/2008 | Production of Documents | 3 |
| 11/27/2008 | Production of Documents | 4 |

Civil Case No. 07-1992 (JAG)                                              32

| | | Responses to | |
|---|---|---|---|
| | 11/28/2008 | Discovery | 4 |

These entries are clearly excessively vague and as a
result, the Court finds that they should be removed from the
attorney's fees award. As a result, Attorney Kortright's
timesheet is further reduced by 11 hours.

**I. Time entries for Attorney Quetglas**

Municipal Defendants claim that all charges made by
Attorney Quetglas should be discounted. Attorney Quetglas seeks
payment for 34.7[7] hours of work. Municipal Defendants state that
none of the hours charged are allowable. However, Municipal
Defendants do not readily explain why these hours are not
allowable.

| Date | Description | Hours |
|---|---|---|
| 4/11/2011 | Review file | 6 |
| 4/12/2011 | Review file in preparation for, travel to and from Court, and attend settlement conference | 5.25 |
| 4/14/2011 | Travel to and from Court, and attend settlement conference | 5 |
| 4/27/2011 | Review Defs' Motion in limine to exclude evidence on compensatory damages, research cases cited therein and additional case law; draft opposition thereto | 4.5 |
| 5/2/2011 | Review Defs' Motion in limine to exclude evidence on post deprivation events; work on opposition thereto; travel to and from Barceloneta to hold conference with client re: offer of judgment | 7.5 |
| 5/3/2011 | Review pretrial report; meet with co-counsel re: pretrial conference; travel to and from Court, and attend settlement conference | 6.5 |

---

[7] Attorney Quetglas' timesheet lists 34.75 hours of work. However, the Court
has calculated all time entries in .10 intervals, as a result t, the Court
has reduced his time to 34.7.

Civil Case No. 07-1992 (JAG)                                    33

The Court finds it appropriate to reduce Attorney Quetglas'
hours. The Court finds that the entry for 4/11/2011 (6 hours) is
excessively vague as it merely reads "Review file." Furthermore,
Attorney Quetglas' entries lump together a number of activities
that encompass work performed in court and out of court.
Attorney Quetglas makes no effort to segregate these activities.
The Court understands that on 5/3/2011, Attorney Quetglas
attended a settlement conference that lasted 1.5 hours. As a
result, the Court will approve 1.5 hours at a rate of $250.00
per hour and 5 hours at a rate of $200.00 per hour. Similarly,
Attorney Quetglas lists 5.2 hours for a settlement conference on
4/12/2011. This conference only lasted 1.5 hours. Therefore, the
Court will grant 1.5 hours of work for in court work and the
remaining 3.7 hours will be billed at the applicable out of
court rate. Attorney Quetglas again bills 5 hours of work for a
settlement conference on 4/14/2012. The Court will grant payment
for 1.5 hours of work at the in court rate and the remaining 3.5
hours will be billed at the out of court schedule.

The Court also finds that Attorney Quetglas seeks payment
for travel to and from court without explaining whether he
discussed the case during said travel or was otherwise working
on this case in any meaningful way. The Court finds that the
inclusion of this travel time in this dispute is not
appropriate. Because the Court is unable to readily determine

how much travel time Attorney Quetglas engaged in, the Court
will reduce 4 hours from his requested fee award as an estimate
of in how much travel time Attorney Quetglas was engaged. In
summary, the Court finds that a 10 hour reduction of time from
Attorney Quetglas' timesheet to be appropriate. As a result, the
Court reduces Attorney Quetglas' hours to 27.4. Moreover, the
Court has ensured that the Attorney Quetglas' fee application
reveals a distinction for in court work and out of court work.

**J.   Costs**

     Municipal Defendants dispute the costs requested by
Plaintiffs in the amount of $7,646.05. Municipal Defendants
argue that the charges related to the various court reports do
not apportion costs. However, Municipal Defendants fail to
accurately inform the Court which costs are inappropriate.
Municipal Defendants also argue that they understand that some
costs may have been already paid. However, no further
information is provided.

     The Court has reviewed the submitted costs. The Court finds
that the taxation of costs by the Clerk of the Court is proper
pursuant to  Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920.
However, the Court understands that Plaintiffs request for costs
suffer from several deficiencies that merit reduction.

     This court has held that deposition costs are taxable if
they "are either introduced into evidence or used at trial," and

Civil Case No. 07-1992 (JAG)                                                35

that "[i]t is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put into evidence or used at the trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985). The Court understands that the deposition costs requested as to Enrique Baez, Esther Ruiz, Karla M. Pantoja Torres, and Hector K. Estela Ayala are merited. However, it is not readily apparent to the Court why the deposition costs related to Ruben Pitre Olmo should be included in the costs award. Accordingly, the deposition expenses related to Ruben Pitre Olmo are not to be included in the award of costs. Therefore, the Court finds it appropriate to reduce the costs award by $207.00.

Furthermore, the Court understands that Invoices K-P, as well as the final invoice should be deducted from the costs award. Plaintiffs have submitted a series of checks as evidence for the interpreter and translation fees listed in these invoices. Furthermore, the final submitted invoice, which lacks any identification, is illegible and the legible portions are in Spanish. See Rodriguez-Garcia v. Municipality of Caguas, 787 F.Supp.2d 135, 147 (D.P.R. 2011). As a result, the Court finds it appropriate to subtract $1,579.50 from the costs award.

In summary, the Court reduces the requested costs award by $1,786.50. The Court approves payment of $6,066.55 in costs.

**K.    Lodestar Calculation**

In light of the reductions discussed above, the Court finds it appropriate to reduce the submitted timesheets by the following amounts.

Attorney Kortright's fee schedule seeks payment for 703.25 hours in the amount of $105,487.50. Attorney Kortright's timesheet is reduced by 272.9 hours. Attorney Kortright's hourly billing rate has been established at $150.00. Thus, her timesheet is deducted a total of $40,935.00. Attorney Kortright is entitled to payment of $64,552.50.

Attorney Quetglas' timesheet is reduced in the following fashion: Attorney Quetglas may bill 4.5 hours of in court work totaling $1,125.00. Attorney Quetglas' hours for work performed out of court are reduced by 10 hours. Thus, Attorney Quetglas is entitled to 20.2 hours for work performed out of court, totaling $4,040.00. In toto, Attorney Quetglas timesheet is reduced by $3,522.5. Attorney Quetglas is entitled to payment of $5,165.00.

Lastly, Attorney Vazquez's timesheet is reduced by 174.1 hours. Attorney Vazquez's fee application includes a total of 732.5 hours at a rate of $225.00 per hour for a total of $164,812.50.

Attorney Vazquez's hourly billing rate for out of court work has been established at $190.00, while his in court rate has been set at $210.00.  The Court has reviewed Attorney

Vazquez's timesheet and has found only two entries for work performed in court. These are 6/12/2008 (2.5 hours) and 9/24/2008 (1.5 hours). Thus, Attorney Vazquez is entitled to payment of 4 hours at a rate of $210.00 per hour, totaling $840.00. This leaves a total of 554.4 hours in Attorney Vazquez's fee application, which are to be paid at a rate of $190.00, totaling $105,336.00. Thus, Attorney Vazquez is entitled to payment of $106,176.

**L.    Sanctions**

Lastly, Plaintiffs and Municipal Defendants have spent a significant amount of time accusing each other of character assassination and launching fraud accusations. The acrimonious disagreement and consistent bickering between the parties adds little to the resolution of this dispute and only makes the Court's work more arduous and time consuming. Both Municipal Defendants and Plaintiffs' counsel have engaged in behavior that is unnecessary and has made the resolution of the attorney's fee dispute more difficult. On one end, Plaintiffs attempted to circumvent the Local Rules of this Court resulting in that several of their submissions be stricken from the docket. Plaintiffs were granted leave to file a reply, which the Local Rules limit to ten pages in length. Instead, Plaintiffs submitted a motion that was 25 pages long and included a 20 page appendix. The Court believes that said submission was made in an

Civil Case No. 07-1992 (JAG)                                             38

effort to directly bypass this Court's Order instructing
Plaintiffs to submit a reply to Municipal Defendants. Plaintiffs
nonchalantly stated that the Local Rules are silent on the
filing of an Appendix and that they failed to file a motion
requesting to file excess pages due to inadvertence. The Court
does not understand that to be the case. Moreover, the Court
finds this kind of behavior to be entirely inappropriate.

Counsel for Municipal Defendants has also engaged in
behavior that this Court finds beyond excuse. Throughout
Municipal Defendants' Opposition to Plaintiffs' Fee Application,
Municipal Defendants made constant reference to Plaintiffs time
entries. However, counsel's discussion of those entries did not
always accurately reflect the nature of those entries. In other
words, Attorney Colon's discussion of the disputed time entries
distorts the nature of several entries in a manner that this
Court cannot condone.

The Court hereby reprimands counsel for Plaintiffs and
Municipal Defendants. All counsel are warned that this conduct
by officers of the Court will not be tolerated in the future and
sanctions shall be imposed if such behavior is repeated.

Civil Case No. 07-1992 (JAG)                                        39

### CONCLUSION

In summary, the Court concludes that:

a) Attorney Kortright is entitled to payment of $64,552.50.

b) Attorney Quetglas is entitled to payment of $5,165.00.

c) Attorney Vazquez is entitled to payment of $106,176.

d) The Court approves payment of $6,066.55 in costs.

Furthermore, the Court reprimands counsel for both parties given their unprofessional and unconscionable conduct and reminds all counsel that such behavior will result in sanctions if repeated.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of July, 2012.


S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge